

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LACV03-6716 JFW VBKx

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. |
| Plaintiff, | **FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT THOMAS VO** |
| vs. | |
| SOPHIA M. KABLER, et al., | |
| Defendant. | |

Plaintiff Securities and Exchange Commission ("Commission"), having filed and served upon Defendant Thomas Vo ("Vo") a Summons and Complaint in this action; Vo having admitted service upon him of the Summons and Complaint in this action and the jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this matter; having waived the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having consented to the entry of this Final Judgment Of Permanent Injunction And Other Relief Against Thomas Vo ("Final Judgment") without admitting or denying the allegations in the Complaint, except as specifically set forth in the Consent Of Thomas Vo To Entry Of Final

Judgment Of Permanent Injunction And Other Relief ("Consent"); no notice of hearing upon the entry of this Final Judgment being necessary; and this Court being fully advised:

## I.

IT IS ORDERED, ADJUDGED, AND DECREED that Vo and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vo and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

1  A. employing any device, scheme, or artifice to defraud;
2  B. making any untrue statement of a material fact or omitting to state a
3     material fact necessary in order to make the statements made, in the
4     light of the circumstances under which they were made, not
5     misleading; or
6  C. engaging in any act, practice, or course of business which operates or
7     would operate as a fraud or deceit upon any person;
8  in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.
9  § 78j(b) (the "Exchange Act"), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vo and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly, or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

A. causing the failure to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that financial statements are prepared in conformity with Generally Accepted Accounting Principles;

B. falsifying or causing to be falsified books, records or accounts subject to Section 13(b)(2)(A) of the Exchange Act;

C. making or causing to be made, or causing another person to omit or state, a materially false or misleading statement, or omitting to state a material fact in order to make statements made, in light of the circumstances under which such statements were made, not

-3-

    misleading to an accountant in connection with (1) an audit or
examination of financial statements required to be made pursuant to
the Exchange Act regulations, or (2) the preparation or filing of
reports or documents required to be filed with the Commission
pursuant to Exchange Act regulations or otherwise;

in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C., § 78m(b)(5), and Rules 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.13b2-1 and 240.13b2-2.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vo and his agents, servants, employees and attorneys and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly:

    causing the filing of a required periodic report with the Commission
containing any untrue statement of material fact or omitting to state a
material fact required to be stated or necessary in order to make the
statements made, in light of the circumstances under which they were
made, not misleading;

in violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-13.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vo and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly, or indirectly, by the use of any means or instrumentality

1  of interstate commerce or of the mails, or of any facility of any national securities
2  exchange:
3        causing the failure to make and keep accurate books, records, and
4        accounts which, in reasonable detail, accurately and fairly reflect
5        financial transactions and disposition of assets;
6  in violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C.
7  § 78m(b)(2)(A).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vo is liable for disgorgement of $25,308, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,070, and a civil penalty in the amount of $5,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Vo shall satisfy this obligation by paying $31,378 on or before June 18, 2004 to the Clerk of this Court, together with a cover letter identifying his name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Vo shall simultaneously transmit photocopies of such payment and letter to the counsel for the Commission at its Los Angeles office located at 5670 Wilshire Boulevard, 11th floor, Los Angeles, California 90036. By making this payment, Vo relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Vo. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without

further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the Consent filed concurrently with this Final Judgment are incorporated herein with the same force and effect as if fully set forth herein and that Vo shall comply with his Consent.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that during the pendency of this action, Vo shall remain a party to this action subject to the discovery provisions of the Federal Rules of Civil Procedure which apply to parties, and, in addition, agrees and undertakes that he will appear, without the service of a subpoena, for deposition or to testify as a witness at any trial of this action or at any other related proceeding. With respect to any depositions or other discovery, Vo shall waive any discovery cut-off date or any other restrictions on discovery imposed by

1  the Federal Rules of Civil Procedure or the Court's Local Rules. Failure to comply
2  with the foregoing will subject Vo to the remedies and sanctions set forth in Rule 37
3  of the Federal Rules of Civil Procedure and all other available remedies.

X.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment.

DATED: 9/23/03

UNITED STATES DISTRICT JUDGE

Submitted By:

Alka N. Patel
Attorney for Plaintiff
Securities and Exchange Commission

-7-